HARDY, Judge.
This is an action by plaintiff for the appropriation of some 405 acres of land owned by the defendant, Hollybrook Land Company on the bank of the Mississippi River near Lake Providence. From judgment awarding Hollybrook the sum of $40,-000.00 as the value of the property taken, the defendant has appealed from the award, praying for an increase and plaintiff has answered the appeal, seeking a decrease in the award made.
A secondary consideration concerns the prayer of defendant for an increase in the fees for expenses for expert witnesses.
The only issue presented is the fixing of value of the property sought to be taken.
The opposed contentions of the litigants may be stated as follows:
Plaintiff claims that the highest and best use of the property was for pasturage and timber and fixed its valuation between the sums of $23,800.00 and $27,888.50. On the other hand, the defendant presented witnesses who fixed the value of the property on the basis of actual use and rental value as of the time of taking.
We may discount the basis of value on comparable sales, since there were none.
The record discloses that defendant is receiving the present rentals:
1. From Carroll Sand and Gravel Company, Inc. the sum (stabilized) of $2,500.00 per year.
2. From Terrall-Norris Seed Company, Inc. the sum of $1,931.00.
3. From grazing land the sum (stabilized) of $500.00.
As against the contention of defendant the plaintiff has raised the question as to whether the leases and the rent accruing therefrom will continue, and in support of *413 this proposition it has submitted the testimony of General Morris, Mr. Meadows and Mr. Gunter. Careful examination of the testimony of these experts discloses that, while they hold the opinion that a change of course of the river might take place in the future, which action they believed would seriously depreciate the rentals presently being received by defendant, they did not, and obviously could not, conclude, with any certainty, as to when this action might take place. General Morris was particularly candid in his testimony on this point. The obvious conclusion is that the whims of the Father of Waters as to the place, nature and time of its action cannot be fixed with certainty, and it follows that any opinion in this connection must be considered as conjectural. The ultimate fact remains that for a period of some six to eight years the defendant has enjoyed the rentals above itemized.
It is well established that the value of property under process of expropriation should be fixed as of the time of the taking.
A court would be completely without justification in predicating a conclusion as to the duration of the leases on evidence which is indefinite, uncertain, speculative and conjectural. In other words, we can neither assume the leases in question will continue indefinitely nor that they will be terminated at any given time. This factor in itself justifies the wisdom of the rule that present value is the controlling element.
We are of the opinion that the valuation based upon a rental capitalization return of 6%%, as estimated by witnesses for the defendant, is somewhat excessive. After examination we have concluded that a valuation of $63,000.00 for the property taken would represent a fair compensation.
As to the claim for expert witness fees, we conclude that the fees as fixed are correct and that there should be no additional burden allowed as against the plaintiffs for the incidental costs claimed by defendant.
For the reasons assigned, the judgment appealed from is amended and decreed to read as follows:
It is therefore ordered, adjudged and decreed that the plaintiff is granted the full ownership in the name of the State of Louisiana of the following described property:
That parcel of property situated in Township 21 North, Range 13 East and Township 20 North, Range 13 East, in East Carroll Parish, Louisiana, with and including all alluvion and batture and sand bars formed and attached thereto, and all accretion to said land by reliction and dereliction thereon, and all additions to said land resulting from the opening of new channels or changing of water courses, described as follows:
1. All of Fractional Section 28, T. 21 N., R. 13 E., less and except:
(a) A parcel of said property (37.87 acres) sold to Sarah Cummins Sutton by deed recorded in Conveyance Book “EE”, Page 365 of the records of East Carroll Parish, Louisiana, thence conveyed by deed to Mary Sutton Nelson August 12, 1927.
(b) A parcel of property (13.86 acres) sold to John F. Trim by deed recorded in Conveyance Book “EE”, Page 449 of said parish records.
(c) A parcel of property (34.71 acres) sold to William G. Wyly by deed recorded in Conveyance Book “HH”, Page 281 of said parish records.
(d) A right of way (100 feet wide) conveyed to the Iron Mountain Railroad (presently the Missouri Pacific Railroad Co.) as recorded in Conveyance Book “V”, Page 182 of said parish records.
(e) A right of way (80 feet wide) conveyed to the State of Louisiana as recorded in Conveyance Book-, page -, of said parish records.
*414 2. All of Fractional Sections 1, 2, 3 and 4, T. 20 North, R. 13 East, less and except:
(a) That part of Fractional Section 1 to the west of the Missouri Pacific Railroad Company’s (formerly Iron Mountain Railroad) easterly right-of-way boundary and that part of the parcel conveyed to Sarah Cummins Sutton by deed recorded in Conveyance Book “EE”, Page 365, of the East Carroll Parish, Louisiana Records; thence conveyed by deed to Mary Sutton Nelson, August 12, 1927, and situated in said fractional Section 1.
(b). The south forty (40) acres cut off the south or lower side of Fractional Section 4; being the same forty (40) acre tract described and set forth in the deed from Warren M. Benton to James A. Bass dated September 25, 1846, which is recorded in Conveyance Book “E”, Page 269, of the records of East Carroll Parish, Louisiana.
It is further ordered, adjudged and decreed that the plaintiff pay into the Registry of the Court, in accordance with law, the sum of SIXTY-TPIREE THOUSAND AND NO/100 ($63,000.00) DOLLARS, which is adjudged to be the full market value of the property taken.
It is further ordered, adjudged and decreed that there have been no severance damages to the defendants in connection with this taking.
It is further ordered, adjudged and decreed that the following expert witness fees be taxed as costs in this matter, which fees represent payment both for the time spent in testifying and for the time spent in preparation of their appraisals:
Jack K. Mann $450-.00
Max J. Derbes $450.00
J. R. Dillard $350.00
F. A. Babb $350.00
John D. Blue $350.00
Monroe J. Reed $100.00
It is further ordered, adjudged and decreed that none of the other expenses of these experts shall be taxed as costs in this proceeding.
It is further ordered, adjudged and decreed that all costs of both courts be taxed against plaintiff to such extent as is provided by law.
On Motion to Amend
PER CURIAM:
Pursuant to a joint motion to amend the judgment rendered herein on February 13, 1964, which motion was filed in this court on February 27, 1964, for the purpose of correcting an error of omission in the judgment of the district court, and, consequently, in the judgment of this court;
It is ordered, adjudged and decreed that the description of the property set forth in the original judgment of this court be and it is hereby amended, nunc pro tunc, by adding, as subparagraph (c) under the descriptive section 2 of the said judgment, the further exception of certain property as follows :
(c). The following described tract of land, located in Fractional Section One (1), containing 5.2 acres more or less:
From the Township corner common to Townships T 20 N, T 21 N, R 12 E, and T 20 N, T 21 N, R 13 E, traverse N 89° 47'W along the line between T 21 N and T 20 N, R 13 E, a distance of 1708.5 feet to a point on the easterly right of way line of the Missouri Pacific Railroad; thence S I 12' West along said easterly right of way line a distance of 103.1 feet to the point of beginning. From the point of beginning traverse N 88° 12'E a distance of 330.4 feet to a point; thence S I 12'W a distance of 994.4 feet to a point on the section line dividing sections 1 and 63, T *415 20 N, R 13 E; thence N 28° 3TW along the section line between sections 1 and 63 a distance of 672.3 feet to a point on the easterly right of way line of the Missouri Pacific Railroad; thence N I 12'E along said easterly right of way line a distance of 393.1 feet to the point of beginning. This parcel contains 5.2 acres, more or less.
It is further ordered that the applications for rehearing filed herein by both appellee and appellant are denied.